IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |  |
|---|---|---|
| IN RE: | ) | |
| CHARLES JULIUS STAVINOHA and | ) | Case No. 09-05677 |
| KARLA MARIE PERRIZO, | ) | Chapter 7 |
| | ) | Judge Lundin |
| **Debtor,** | ) | |
| | ) | |
| EAST TEXAS ASPHALT CO., LTD. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES JULIUS STAVINOHA; and | ) | Adv. Proc. No. 09-ap-00331 |
| C.J. STAVINOHA COMPANY, INC., | ) | |
| d/b/a STAVCO, INC. | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF CHARLES JULIUS STAVINOHA

COMES now Charles Julius Stavinoha ("Defendant") and answers Plaintiff's Complaint as follows:

1. Defendant admits that this Court has jurisdiction as to Plaintiff's asserted claim against him, but denies that this Court has jurisdiction over any other defendant.

2. Defendant admits that this is a core proceeding as this action pertains to him, but denies that this is a core proceeding as to any other defendant.

3. Defendant admits that venue in this action is proper as to him.

4. Defendant is without sufficient information or knowledge so as to form a belief as to truth of the allegations of the first sentence of paragraph four of the Complaint. Defendant admits that Plaintiff is a Creditor.

5. Admitted.

6. Defendant admits that C.J. Stavinoha Company, Inc. ("Stavco") is a Texas corporation but denies the remaining allegations of paragraph six of the Complaint.

7. Admitted.

8. Admitted that Debtor was President of Stavco but denied that he is 51% owner.

9. Admitted.

10. Defendant admits that his debts are primarily non-consumer debts. Defendant admits that he has scheduled debts that were incurred either on behalf of or for the benefit of Stavco for which Defendant believes he had contractual liability.

11. Denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendant admits that Plaintiff delivered asphalt to Stavco over the course of several years but is without sufficient information or knowledge as to whether Plaintiff maintained a systematic record of purchases and payments.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied.

21. Defendant would state that the TX DOT Project was not completed by Stavco.

22. Defendant is without sufficient information or knowledge as to form a belief as to the truth of the allegations of paragraph 22 of the Complaint; however, upon information and belief, Defendant alleges that Plaintiff did not timely submit all invoices.

23. Defendant is without sufficient information or knowledge as to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. Defendant is without sufficient information or knowledge as to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Admitted.

26. No response is required to paragraph 26 of the Complaint.

27. Admitted.

28. Admitted.

29. Denied that Stavco was paid all contract funds.

30. Denied.

31. Defendant admits that Plaintiff was not paid in full.

32. Denied; the proceeds received were used for actual expenses directly related to the TX DOT Project.

33. Denied.

34. Defendant would state that the Texas Code sections referred to by Plaintiff speak for themself

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied that Defendant is liable to Plaintiff in any way other than as a result of the indebtedness represented by his guarantee, which obligation is dischargeable in this Bankruptcy Case.

43. Denied.

## AFFIRMATIVE DEFENSES

44. Tex. Prop. Code Ann. § 162.001 et seq. is inapplicable as the public works project for which Stavco contracted was not a contract for the improvement of specific real property.

45. To the extent that Tex. Prop. Code Ann. § 162.001 et seq. is applicable, funds paid to Stavco in connection with the subject project were used to pay actual expenses directly related to the construction or repair of the improvement. Defendant did not intentionally or knowingly with intent to defraud, either directly or indirectly retain, use, disburse or otherwise divert trust funds.

46. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, premises considered, Defendant prays that Plaintiff's Complaint be dismissed and for such other and further relief as is just and proper.

Respectfully submitted,

/s/ Roy C. DeSha, Jr.
Roy C. DeSha, Jr.
DeSha Watson, PLLC
1106 Eighteenth Avenue South
Nashville, Tennessee 37212
(615) 369-9600 (Telephone)
(615) 369-9613 (Facsimile)
roy@deshalaw.com

Attorney for Debtor

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of October, 2009, a copy of the foregoing Response was filed electronically. Notice of this filing will be sent either by operation of the Court's electronic filing system and or by U. S. Mail, postage prepaid to Rebecca B. Howald, Attorney for East Texas Asphalt Co., Ltd., Manier & Herod, P.C., One Nashville Place, Suite 2200, 150 Fourth Avenue North, Nashville, Tennessee 37219. Parties may access this filing through the Court's electronic filing system.

                                           /s/ Roy C. DeSha, Jr.
                                           Roy C. DeSha, Jr.