IN THE UNITED STATE BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>**CHARLES JULIUS STAVINOHA and**<br>**KARLA MARIE PERRIZO,**<br><br>Debtors | **CASE NO. 3:09-bk-05677**<br>**Chapter 7**<br>**Judge Keith Lundin** |
| **EAST TEXAS ASPHALT CO., LTD.**<br><br>v.<br><br>**CHARLES JULIUS STAVINOHA; and C.J.**<br>**STAVINOHA COMPANY, INC., d/b/a**<br>**STAVCO INC.** | **ADV. PROC. NO.:** <u>09-ap-00331A</u> |

## JOINT PRETRIAL STATEMENT

As required by this Court's Preliminary Pretrial Order dated August 27, 2009, counsel for Plaintiff and counsel for Defendant Charles Julius Stavinoha[1] hereby submit the following:

### FOR PLAINTIFF

**1. A brief statement of each claim or cause of action.**

**CLAIM AGAINST DEFENDANT STAVCO, INC.:**

East Texas Asphalt Co., Ltd. ("East Texas") provided labor and/or materials to Defendant CJ Stavinoha Company, Inc. d/b/a Stavco, Inc. ("Stavco") on a public works contract in the state of Texas. East Texas submitted invoices to Stavco, which invoices remain unpaid. Although Stavco is not a debtor before this Court, East Texas assets that Stavco is a necessary party to the action as the primary obligor on the debt to East Texas. East Texas seeks an order of judgment against Stavco in

the amount of not less than $29,611.70.

### CLAIM AGAINST DEFENDANT CHARLES JULIUS STAVINOHA

In addition to his personal guarantee of the debts of Stavco, Charles Julius Stavinoha ("Debtor") had a statutory, fiduciary obligation under the Texas Property Code to faithfully distribute funds received from a public entity to the parties providing labor and/or materials on the public works project. Failure to so distribute these "trust funds" constitutes "fraud or defalcation" as contemplated in the Bankruptcy Code, rendering the debt non-dischargeable under § 523(a) of the Code. East Texas seeks an order of judgment against Debtor in the amount of not less than $29,611.70 along with a finding that said judgment is non-dischargeable.

2. **A brief summary of plaintiff's contentions of fact in support of each claim or cause of action and the evidence to be relied up on to establish those facts.**

East Texas provided materials to Stavco for use on the public works project. East Texas submitted invoices to Stavco for payment. The invoices were not paid. East Texas intends to show that Stavco, by and through Debtor, submitted periodic pay applications to the project owner, which pay applications included and/or incorporated the cost of materials provided by East Texas. East Texas further intends to show that Stavco, by and through Debtor, received payment on said pay applications, but did not remit the relevant portion of the payment(s) to East Texas, as required by Texas law.

### FOR DEFENDANT

1. A brief statement of Defendant's defense.

Defendant C.J. Stavinoha ("Debtor") asserts that the provisions of Texas Property code §162.001

---

1 Defendant C.J. Stavinoha Company, Inc. d/b/a Stavco, Inc. has neither answered the Complaint nor had counsel enter an appearance on its behalf.

**JOINT PRETRIAL ORDER**– page: 2 of 6
487258

et seq (the "Texas Statute") are inapplicable to the matter at bar and accordingly, there was no existing fiduciary relationship between him, individually, and Plaintiff. Any funds paid to the corporation in connection with the Texas Road Project referenced by Plaintiff were properly used. In the event that the Court determines that the Texas Statute creates a fiduciary capacity between Plaintiff and Debtor, there was no fraud or defalcation by the Debtor in the use of corporate funds.

2. A brief summary of plaintiff's contentions of fact in support of each defense and the evidence to be relied up on to establish those facts.

a. The Debtor was an employee and minority owner of C.J. Stavinoha Company, Inc.

b. C.J.Stavinoha Company, Inc ("Stavco") contracted with the State of Texas for the repaving of a portion of US Hwy 190 (the "Project"). Stavco purchased asphalt from Plaintiff in connection with the Project. Plaintiff and Stavco had a business relationship over the course of several years and Stavco had in the past paid the invoices of Plaintiff.

c. The Project was delayed primarily by poor weather conditions and the Project costs exceeded expectations because of unanticipated labor expense. Additionally, Stavco experienced a significant loss with the destruction of its property and equipment when Hurricane Ike roared ashore in Texas. To further compound the matter, the State of Texas assessed liquidated damages of $40,500.00 against Stavco and deducted these damages from contract payments to Stavco.

d. The Debtor contends that the Project work was not for an "improvement of specific real property" as required by the Texas Statute before implementation of the trust provisions of the Statute.

e. The Texas Statute specifically allows the use of any funds held pursuant to the Texas Statute to be used for "actual expenses" of Stavco in connection with the Project and does not limit their use

to payment of Plaintiff's invoices. The Debtor will establish that Plaintiff's loss did not result through any improper actions by him.

## FOR ALL PARTIES

3. **A statement of all admitted or uncontested facts.**

   - At all times since October 19, 2004, Debtor was the President and the 49% shareholder of Stavco.

   - Stavco is a construction company that specialized in highway and street maintenance contracts. Stavco is no longer operating.

   - Debtor's debts are primarily "non-consumer debts," including debts that were incurred either on behalf of or for the benefit of Stavco, for which Debtor has contractual liability.

   - On or about October 19, 2004, Stavco submitted a Credit Application and Agreement (the "Credit Application") to Plaintiff for the purchase of certain asphalt products on a credit basis, which Credit Application is reproduced as EXHIBIT A1 to the Complaint.

   - On or about October 19, 2004, Debtor and Stavco executed a Continuing Guaranty Agreement (the "Guaranty") in favor of Plaintiff and guaranteeing payment of products sold by Plaintiff to Stavco, in exchange for the credit provided by the Credit Application., which Guaranty is reproduced as EXHIBIT A2 to the Complaint.

   - Debtor signed the Credit Application and the Guaranty.

   - Both the Credit Application and the Guaranty include a choice of law provision stating that the interpretation and enforcement of the Credit Application and Guaranty shall be governed by Texas law.

   - Over the course of several years, Plaintiff delivered asphalt to Stavco, as ordered, and invoiced Stavco for the same..

   - The prices charged to Stavco for the products purchased from Plaintiff were reasonable, and Stavco agreed to said prices.

   - In late October 2008 and December 2008, Stavco ordered asphalt to be supplied by Plaintiff to Stavco on a Texas Department of Transportation public works project in Polk County, Texas, referred to as "US HWY 190 ONALASKA" (the "TX DOT Project").

   - Plaintiff provided the asphalt as ordered by Stavco for the TX DOT Project and submitted to Stavco invoice numbers 135252, 135253, 135254, 135255 and 136444

(collectively, the "Invoices"). The Invoices are attached to the Complaint as COLLECTIVE EXHIBIT B.

- Stavco did not complete the TX DOT Project.

- Plaintiff has not received any payments from Stavco or Debtor with regard to the Invoices.

**4. Each party's brief statement of contested facts.**

- Whether Stavco, by and through Debtor, received payment from the State of Texas for the TX DOT Project for which Plaintiff had supplied materials; however, Stavco and Debtor have failed to pay Plaintiff the portion of the funds to which Plaintiff was due.

- Whether the Texas Statute requires Stavco or the Debtor to segregate any funds received from the Project from other funds of Stavco.

- What is an "improvement" under the Texas Statute.

- Whether Debtor had control of or directed payments on behalf of Stavco.

- Whether Stavco's use of funds received from the State of Texas in connection with the Project was proper.

- Whether Debtor breached any fiduciary duty to Plaintiff.

- Whether Plaintiff suffered a loss as a result of any actions of Defendant.

**5. Each party's brief statement of contested legal issues.**

- Whether Stavco, by and through Debtor, violated the Texas Property Code by failing to remit payment to East Texas in accordance with state law.

- Whether Debtor's failure to remit payment to East Texas constitutes "fraud or defalcation" as contemplated by § 523(a)(4) of the Bankruptcy Code.

- Whether the Texas Statue is applicable.

- Whether a "fiduciary capacity" within the meaning of 11 U.S.C. § 523(a)(4) is created under the Texas Statute.

Respectfully submitted,

**MANIER & HEROD**
A TENNESSEE PROFESSIONAL CORPORATION

*/s/ Rebecca B. Howald*
Rebecca B. Howald (TN BPR No. 025469)
150 Fourth Avenue North, Suite 2200
Nashville, Tennessee  37219-2494
Telephone:  615-244-0030
Facsimile:   615-242-4203
rhowald@manierherod.com

Attorneys for Plaintiff
**East Texas Asphalt Co., Ltd.**


and

**LAW OFFICE OF ROY C. DESHA, JR**

*/s/ Roy DeSha, Jr.*
ROY C DESHA, JR
1106 18TH AVE S
NASHVILLE, TN 37212
615 369-9600
Fax : 615 369-9613
bknotice@deshalaw.com

Attorney for Debtor/Defendant
**Charles Julius Stavinoha**